and Ms. Esty, whenever you're ready, we'll hear from you. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. My name is Joanna Esty. I represent the plaintiff, Adrian Scott, who is also the appellant in this case. Mr. Scott, here, began this case as a pro se litigant. Because of racial and age discrimination at the hands of white co-workers, Mr. Scott, who is a 59-year-old African American, filed a complaint with the Equal Opportunity Employment Commission in Maryland against Maryland State Department of Licensing and Regulation, DLLR, and certain individuals based on unfair treatment he received during the time that he was an instructor for inmates at Maryland Correctional Institute at Jessup. Mr. Scott taught the inmates the skills needed to reenter society, such as how to respond to a job ad and other related matters when they were going to be held superior. He was ultimately denied his employment and subjected to racial and sexual harassment and a hostile work environment. He sought relief from the Equal Opportunity, the EEOC, and he ultimately received from the EEOC the right to proceed in federal court. Unfortunately, he was unable to find counsel, and he was forced at that point to file the complaint pro se. Mr. Scott tried, but the progress of his complaint was riddled with obstacles from the beginning. Initially, although he was supposed to receive a 90-day right to employment, the letter was delivered to him on July 7, 2014, and was backdated to April 30, leaving him less than three weeks to file his complaint. Mr. Scott asked EEOC for an extension because of the late receipt, but his request was denied. He kept continuing to try to find counsel, but he was unsuccessful. He did file the complaint, as I've stated, pro se, by obtaining the form from the United States District Court for the District of Maryland, going into the clerk's office, obtaining the form, and checking the boxes on the form for a discrimination complaint. To it, he No, Your Honor. There was never an amended complaint. It's not in the record, Your Honor, but I was brought in at the 11th hour in this action and did not understand. The only reason I'm asking is that you've made numerous statements about what the nature of his claim is, and you can't figure that out from his complaint theory. His complaint really focuses almost entirely on the fact that there was a lot of retaliation for things that he did. But I don't see where there was a response to him by various people that could be in response to his complaints to the officials. But that all said, I'll let you do it, but I can tell you I've not easy to decipher all of it, but I've made an attempt, and it seems to me that what I take from it is that he's really claiming that in response to his claims, he was retaliated against. Your Honor, I do believe that retaliation is one of the claims, but I believe that when we're dealing with a pro se claim Well, I understand that, too, but maybe you can point out a few other places. Well, Your Honor, if you look at the cover sheet, he's checked there No, no, I'm in the complaints. I'm back, so Well, if you look in the complaints itself, which is found in the table of contents at 1-322 and 1-321 Yeah, I've got the complaint here The narrative does state that Ms. Lorenz attempted sexual advances against him. Those sexual advances were rebuffed, and as a result, he was attacked by one of the inmates who had received what was thought to be a curling iron from Ms. Lorenz as a result of his failure to respond to her, and I think that that is sufficiently articulated in the narrative that he's put out What page are you looking at? Your Honor, I don't have the narrative in front of me. I've re-reviewed it. It starts in the extract Well, I've got it here. You don't have to tell me where. I just need to know where because this goes on pages, single pages, single Your Honor, when I was reviewing the extract this morning, I went back through, starting with page 11 of the extract into the narrative Well, it starts, the complainant engaged in protected activity. The complainant made Mr. James Yenor aware that he would file complaints with AACC, etc. As a result of an assault on the complainant's life and well-being, he committed honor about March 12th And then it goes on, he warned the complainant about this and that I believe further on, Your Honor, there is more detail about that assault, and that assault relates to the inmate being given a weapon by Ms. Lorenz as a result of his rebuffing her Are there any descriptions of any sexual advancements or anything that occurred, where they occurred, what they occurred? Your Honor, I believe there are racial comments that were made, other than the fact that Ms. Lorenz said to some of the people in the prison that she was planning a race test But it sounds to me like that's the reverse of the truth But she retaliates as a result of that. That's alleged Well, Your Honor, I would say that that in and of itself is sufficient to create a hostile work environment What she said to the prisoners? What she said to Mr. Scott That isn't what it's alleged. It says what he said to the prisoners What she said to the prisoners Your Honor, I'm You need to get, you need to focus on some allegations, I think And you may have them, but, and I'll look again after argument I did go through Mr. Scott's narrative this morning, Your Honor, to make sure that where he's checked the boxes on discrimination in hiring and promotion as to race and sex, that there was support Let me ask you, with respect to the ADA, is there any waiver of immunity with respect to that? Your Honor, I believe the waiver of immunity is broad under the Workplace Investment Act Based on the fact that the Maryland DLLR was receiving funds I don't think that the state agency can hide behind the fact that it's receiving federal funds And then state, because they allege that those funds weren't exactly appropriate Is that waiver written down explicitly anywhere? No, Your Honor, I don't think that's a question that this Court has addressed Except we have. We say it has to be made explicit, so it's a Supreme Court Let me ask you, is there any law that suggests that individuals can be sued? Your Honor, I believe that the statute, the WIA statute, does provide a prohibition against discrimination And I think that that is broadly construed to include participants in discrimination, as well as the agency itself That's what we've alleged, that's what we've argued sufficiently, Your Honor, and that the five briefings were brief and cheap That the Workforce Investment Act was intended so that if federal funds are received That the state agencies can't hide behind immunity, receive the funds and hide behind immunity Such as they're claiming here to say that we're not, that the actors that are involved in the funds that are received Are not entitled to be free from discrimination and free from harassment I mean, in this situation, Mr. Scott is going into JUSA on behalf of the Maryland Department To train inmates on how to reenter the workforce If there ever was a situation that cried for some type of workplace free from harassment It was this situation He shouldn't have to go into that situation and train inmates for their reintroduction into society So he's doing society a tribute And then have to face sexual harassment on top of it, and race discrimination on top of it If I could turn your attention to some procedural questions here Before the district court entered its order, had you, as I understood it, this was a motion to dismiss filed by the defendant Yes, Your Honor Based on improper service, and also, it was 12B-5, but also 12B-6 Yes, Your Honor At some point, you made an appearance in the case Did you then file a motion to amend the complaint? I did not file a motion to amend the complaint Well, did you even have to file a motion to amend the complaint? Or could you have just amended the complaint as a matter of grace? Your Honor, I believe that the federal The answer is the latter You could have filed an amendment as a matter of right to the motion Correct, Your Honor So, I didn't see that in the records But I did see, I believe, that you had included in one of the briefs a request to amend the complaint if the court was disposed to dismiss the case Yes, Your Honor By the time Mr. Scott got to me, and I had agreed to enter the appearance for him, the time for service of process, the 120 days, arrived And I was in a position to only be able to prepare the opposition to the motion to dismiss With the intention, Your Honor, of cleaning up the complaint, putting it in a form that Judge Moss would have liked to see As well as curing any defects in service Certainly How do we handle the service problem? I believe that that's within the court's discretion, Your Honor, under the ruling Did the district court abuse its discretion? I believe that the issue of service under Rule 4 is within the appellate court's discretion to consider this de novo And rule that the district court But the district court, in its order, found that there weren't any claims So, you know, extending service of process would have made a lot of sense on a complaint that didn't state a claim Your Honor Correct Your Honor, the court ruled that the service was not properly effected on DLLR Individual defendants were not kindly served Beyond that, because of the 12B6 ruling, failure to state a claim, the court dismissed the whole action Okay Thank you, Your Honor Thank you Ms. Gunther Ms. Gunther Good morning, Your Honors May I please report I'm Willis Gunther, Assistant Attorney General of the State of Maryland On behalf of the appellates, Maryland Department of Labor Licensing and Regulation And the six individual appellates Judge Moss dismissed this case from the proceedings under eight separate grounds While the facts as pled by the appellate must be accepted, the court need not accept speculation and conclusions of law The facts presented are sufficient to plead a cause of action, and the district court's dismissal is proper and should be affirmed But he didn't address the question of whether leave to amend should be granted Well, that was because that question was never before Judge Moss Well, under certain circumstances, the right to amend a complaint is not needed to be requested to leave the court At the point in which this case was, that would have been a requirement under Rule 15 and also under the local rules Under Local Rule 103, counsel was required when she entered the case What was the cause of action for retaliation? Well, in order to have a cause of action for retaliation, the Department of Labor Licensing and Regulation would need to have been his employer Judge Moss ruled that they were not Well, we have that Butler case, which nobody seems to have identified But the Butler case was decided by us It talks about joint employment based on control and decisions And it seems to me that the Maryland agency acted well within the parameters of that case Well, Your Honor, I do not believe that there are facts within the case to support that claim There's no facts to identify We've made determinations on whether he'd be fired or what positions he'd have, all kinds of policy decisions, whether he's going to be hired These were all made by Maryland, not by the school In fact, that's not the case That Mr. Scott claims that Mr. Schwabland came in and told him that he was fired, but he had no power to do that He actually was not terminated until that was done by Anne Arundel Community College These may be questions of fact, but it seems to me that the agency, the state agency, is alleged to have participated actively in all these decisions in the complaint Which would preclude a 12P6 on that Well, except that there's no factual support for those allegations First of all, you need to have actually stated facts to support a claim of discrimination Nowhere in the complaint has the... I'm talking about retaliation Yes, the retaliation is related... At least one allegation was that Lorenz told the officers that she's playing the race card in order to invoke retaliation Now, the race card seems to me is some kind of allegation that he's alleging racial discrimination Well, except for the fact that in no time in the 22 pages that make up the complaint does the appellant identify his race or color or that of any of the defendants I did notice that. I was trying to figure out what the race was of the various people Because he never identifies what they are, so there's no evidence of what the races of any of the defendants are I know, but what's it mean to say that Lorenz played the race card? Well, in that instance, the appellant is quoting someone else and a statement that she allegedly made to someone else It's the only time the word race is used anywhere in those 22 pages Well, I understand, but that allegation is made by the plaintiff with the suggestion that she then engaged in a course of activity of retaliation against him because he played the race card But it's not supported by any facts. It's a conclusion. It's a supposition. There are no facts to support it There are no words of any race, of African, of skin color, of nationality Similarly, there are no words regarding age, of old, young, even the word age I understand that's pretty thin, and the court did dismiss the substantive discrimination claims And, of course, there are other reasons employees are not subject to, the agency would be subject to the statutes but not the individuals And with respect to the ATDA, it's probably immunity unless we start to change the scope of the spending laws Yes, Your Honor, and the fact that Mr. Scott never identifies that he was being discriminated against due to his race, due to his age, due to his sex Does he allege he filed complaints with the agencies? He thought he did Yes, yes, Your Honor. But again, DLR would have to have been determined to be his employer under those circumstances He alleges all these, Schwabeland, all these actions. He told somebody to take over his position And he discovered, there's many allegations, as a matter of fact, a large part of the scenario are allegations against Schwabeland Isn't he a State employee? Yes, Your Honor, but Mr. Scott never identifies any facts to establish why Mr. Schwabeland would be his supervisor or his employer All you need to do is read Butler, which is one of our cases, and I think you can see that it fits I have, Your Honor, but the only person that Mr. Scott actually identifies as his supervisor in the complaint is Andrea Duval And he makes absolutely no allegations against her. He does not identify her employer, and he does not include her as a defendant She's the only person in the complaint that he says is his supervisor Well, is there a Title VII claim that the, I always get these initials wrong, DLLR, interfered with his employment with the Anne Arundel County? Your Honor, that was not a claim brought, again, that was not mentioned in the complaint It's a viable claim though under Fourth Circuit case law I'm sorry? It is a viable, it could be a viable claim Could it not? Yes, it could if it in fact had been brought in the case, which it was not And again, there was a lot of discussion regarding immunity in the appellant's brief and why it did or did not exist The only count, there were only two counts in the complaint, one under Title VII and one under the Age Discrimination and Employment Act Who were Mr. Dickens and Mr. Glow? They were state personnel? Yes, Your Honor And they conducted the investigation of this complaint, what was happening there? That's what he alleges Yes, Your Honor But again, there were arguments regarding immunity The motion that was dismissed, that was filed on behalf of the Department of Labor Licensing and Regulation Only requested immunity as to the Age Discrimination and Employment Act, first notice of case law This issue of whether there was a case stated under WEA pursuant to Section 1983 was never anywhere within the four corners of the complaint There was no reference to workforce, there was no reference to WEA, there was no reference to 1983 The word sovereign immunity don't appear, the word federal funding, federal assistance, protection, spending, waiver, constitution The word constitution is nowhere within the four corners of the complaint Ms. Gunther, I want to try to be clear what your argument is with respect to the retaliation claim that Judge Niemeyer has pointed out to you The potential retaliation claim You're saying three things as I understand it first, that he didn't label anything in this complaint as a retaliation claim The arguments first of all are that DLR is not his employer I get that, but Judge Niemeyer has pointed out that our precedent may suggest otherwise So not labeled properly, not his employer, and no mention of any supervisors in the complaint who retaliated against him Yes As for the service issue Was Lorenz a supervisor? Well whether she was or wasn't is not, the question is whether it's been alleged in the complaint Yeah, but I thought she did a lot of conduct, was alleged to have done a lot of conduct against him in response to his complaint But the complaint does not establish her as his supervisor There are not facts sufficient to support that What does he say about who she is? I don't believe he says anything about who she is And that's the point of the complaint And to go back to the question as to whether there was an amended complaint Counsel under her appearance two months before Judge Moss' ruling At no time did she ever request additional time for service by motion At no time did she require a motion to amend the complaint pursuant to Federal Rule 15 and Local Rule 103 In which she would have been required to have provided the amended complaint with that motion As for the service issue It is reviewed under an abuse of discretion standard, it is not a de novo review And the court found fair and proper service because none of the defendants were served with Well the remedy would be to dismiss the complaint Without prejudice Without prejudice And that would But the without prejudice Your argument at least with respect to some of these issues I'm not sure whether the retaliation claim is what you can say about that But with respect to some of the issues Seems to me it should be with prejudice Like maybe the discrimination in the ADA But the retaliation claim may survive But she'd have to file a new complaint, right? Yes, Your Honor Without prejudice, that's what that means, right? Yes, Your Honor And there may be other defenses that are not presented at this point to that Yes, Your Honor, but the reality is in order to expand the 120 days The plaintiff is required We can't expand it, we can only say whether the district court abuses discretion in dismissing Yes, and the argument is that somehow Judge Moss did abuse discretion by not expanding the 120 days But the reality is there's been no evidence put into the record of what that would look like Of what the plaintiff did or didn't do Judge Moss actually in his order granting Informer Pro Paris Which is the Joint Appendix at 27 Sets forth instructions to the plaintiff that he's to follow in order to effectuate proper service He ordered the plaintiff to obtain the proper name and service address for the defendant And advised him how to do that He ordered the plaintiff to provide the clerk with the completed U.S. Marshal Service of Process form And one copy of the complaint for each of the defendants And he ordered the plaintiff to provide the documents within 21 days of the order for service by the Marshal None of these orders would comply with He also dropped a footnote and said that to serve the agency She should go to the He should go to the Department of Assessment Taxation too And if you put in the Department of Labor Licensing and Regulation In the State Department of Assessments and Taxation website Takes you directly to the DLOR website Which listed the secretary's name and address Which is not where this complaint ever went Ms. Gunther one of the Admittedly it's a difficult Attachment to decipher But the appendix at page 11 This goes back to this retaliation issue And whether or not Mr. Lorenz was his supervisor And whether or not Mr. Younger was his supervisor He says that Mr. James Younger and Ms. Leanne Lorenz Began canceling his classes and omitting his students from the daily count That would suggest that they had some authority over him And the ability With respect to the ability to cancel and or schedule classes  Your Honor again We have to accept the facts as alleged And certainly we do not agree with the facts as alleged In any way shape or form However it does indicate that perhaps that's the case But again it has to be a materially adverse action Mr. Scott Well that's pretty adverse isn't it I mean the conduct throughout the complaint You listed all the things that he attributes to her It's not a pretty list Well he alleges the canceling of class And imposing schedules and reporting And being in the parking lot And engaging the prisoners to react against him And be part of her strike force so to speak I mean he says quite a bit And he talks about retaliation regularly using the word  You have a lot of good arguments But you don't have good arguments When you're not going to face exactly what the record says It helps us a lot if you're straight on with the record And so that we can sort this out Well again Your Honor I believe that the considerations for joint employment Such as control, discipline, record keeping, payment of wages Ability to hire and fire None of those issues have been established in the complaint It's clear that it's not His contract is with Anne Arundel Community College He actually alleges MCIJ From March 2009 to March 13, 2012 When he engaged in protected activity That's what he says under employment background Yes Your Honor I mean but they're at a very early stage Whether it's all true or not is really the question But simply stating that someone is his employer He lists five different employers there There's no facts to support an employment relationship Between Mr. Scott and each of those five individuals Except he alleges the actions of a lot of state employees Taking actions against him directly Including going to his desk And changing people And assigning somebody in lieu of him And this type of thing I just don't think you're coming to grips With the involvement of state employees Now maybe the document you're talking about Overrides these factual points But he does allege a lot of involvement By the state employees In the retaliation conduct Yes But again Your Honor The issue of service in and of itself Is grounds for upholding the dismissal of the complaint In its entirety And there's been no evidence provided And no argument provided To establish why Judge Motz abused his discretion And in fact Judge Motz gave Mr. Scott every opportunity He laid him a road map of how to perfect service And it was not done The six individual defendants were never served Within the 120 Well actually no one was served within the 120 days The individual defendants weren't Summonses weren't even issued Until three months past the 120 days So there was no possible way for them Ever to be served appropriately And again there was no request For a modification to amend the complaint There was no request for an extension of service There was no request to quash the subpoenas And try to have them reissued Those were never requested by the appellant And as I said his counsel came into the case Two months before Judge Motz's ruling And there was plenty of time to pursue a motion With an amended complaint prior to that time And it was the failure of the appellant to pursue that That forecloses their ability to request that At this juncture and in this jurisdiction That it? Therefore there's no reason to overturn The judgment of the United States District Court For the District of Maryland And the District Court should be affirmed Thank you Thank you Ms. Esty Thank you Your Honor Your Honor we did allege in our briefs And I apologize for having a senior moment With respect to this standard of review It is an abuse of discretion But we do believe that Judge Motz Abused his discretion in this situation As I explained to the court How did he abuse his discretion? It seems to me He went out of his way To tell this pro se litigant How to do it And including where to get the addresses With forms and how to serve them And the man didn't do it Now to say that's an abuse of discretion Then to throw it out after that What is the basis for your claim That it's an abuse of discretion? Your Honor Receiving instructions from the court I ask you what's the abuse that the judge committed? The judge committed an abuse of discretion By not considering the fact that When you're dealing with a pro se defendant A plaintiff Who has gotten mixed messages From the clerk's office Who may not understand As opposing counsel does Or that I do Or the court does What more should the judge have done? If the judge knew That Mr. Scott had been looking for counsel If the judge As it was done in the opposition What the judge should have done Is turn the motion to dismiss Into a motion to quash And put the onus on counsel To correct the deficiencies That Mr. Scott had In whatever he had for service Not to The state filed motions to dismiss And he has to now rule on those There were a bunch of motions to dismiss Based on 12b-5, 12b-6 Immunity A whole array of things And the judge ruled on those Including the motion to dismiss Based on lack of service It was timely And In ruling on that motion The judge knows That he told and warned The defendant how to do it Not only told him he had to do it But how to do it And the defendant chose not to The plaintiff didn't choose not to do it The record shows that the plaintiff Attempted to do What the judge instructed him to do Is there any evidence that he went to The Department of Assessments and Taxation Either physically or online And find out what the address Of the state agency is? No, your honor But there is evidence That he gave an address To the U.S. Marshal That he believed was the correct address For the purposes of service There is evidence That he attempted to serve the individuals There is evidence That he attempted to get counsel To help him Because he knew he was in over his head But he wanted his day in court Well, dismissal is only without prejudice And he can do it again Of course, I don't know What the limitations questions are Or what the other deals are But certainly some of these claims Shouldn't be reiterated And I mean, there should not be A claim against the individuals Under the ATEA There should not be a claim That's questionable Whether there's a claim That survives immunity Under the ATEA Against the state And you have Title VII The question is What are the allegations that support it These are difficult questions But on the service A dismissal would be without prejudice But Judge Motz knew Based on the EEOC Right to sue letter And limitations That Mr. Scott would be out limitations If the case was dismissed Without prejudice for him to refile Given the fact that he didn't sit back He went and gave the court The filled out paperwork We have attached copies Showing that there were Certificates of service Where he attempted to serve the individuals He even at the 11th hour Engaged counsel The motion, it was an abusive discretion Before the 11th hour You still had an hour to go Before midnight And it seemed to me That it might have been helpful To reorganize his complaint And request efforts To reserve the revised complaint And all those things It doesn't look like We have much of that going on Your Honor Because the amended complaint Is not part of the record It presupposes that I wasn't making one up Or that I wasn't doing exactly that Or you had to respond Your Honor You don't need leave of court I think what precludes leave of court Is a motion for summary judgment Even with a motion to dismiss You can file it During the time that I had to respond We were out of time for service Otherwise I would have perfected service And responded The motion should have been treated As one to quash Not a dismissal of a meritorious claim Why not? They can file a 12b-6 It's perfectly legitimate In the process of doing The opposition After doing the opposition to the motion To dismiss under 12b-5 and 12b-6 I was contemporaneously Drafting an amended complaint But it didn't get filed before Judge Motz ruled So we don't have it before us But that shouldn't bar a meritorious claim In a situation like this We shouldn't be in a situation Where we've got Form over substance Denying a pro se litigant The right to his stay in court He did what he thought he was supposed to be doing Based on the fact that he was only issued one summons By the clerk's office There was a mistake made He received more He tried to serve the individual defendants You have in the record You have the certificate The return of service And he is denied access to the court now For what your honors have said Is a recitation of acts that are egregious While he's in I don't know What I said is Taking his complaint Accepting the facts As we must under 12b-6 Accepting what he says But the question He said in quite detail What he experienced The question is What he experienced Did that Give rise to a cause of action And I was suggesting that What he described Might well give rise to a retaliation And that's what I was exploring with your colleague But Okay well  I think we all do Thank you very much Thank you
judges: Paul V. Niemeyer, Albert Diaz, Irene M. Keeley